RECEIPT # 52966
AMOUNT $ 150
SUMMONS ISSUED 2-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 1-7-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JAN -7 P 1:54

U.S. DISTRICT COURT
DISTRICT OF MASS.

---------------------------------------------------x
RUBEN CARNERO,

    Plaintiff,

   -against-

BOSTON SCIENTIFIC CORPORATION,

    Defendant.
---------------------------------------------------x

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

04-cv 10031 RWZ

Plaintiff Ruben Carnero, for his complaint against defendant Boston Scientific Corporation ("BSC"), alleges as follows:

**Nature of Action**

1. This is an action for de novo review of plaintiff's administrative complaint under Section 806 of the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. § 1514A (the "Act"), that was filed with the Secretary of Labor on July 2, 2003.

**Jurisdiction and Venue**

2. This Court has federal question subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1514A(b)(1)(B) because the Secretary of Labor has not issued a final decision within 180 days of the filing of plaintiff's administrative complaint and there is no showing that such delay is due to the bad faith of the plaintiff.

3. Venue is proper pursuant to 28 U.S.C. ¶ 1391(b) since this is a civil action wherein jurisdiction is not founded solely on diversity of citizenship and

the only defendant resides in this district.

### The Parties

4. Plaintiff Ruben Carnero is a citizen of Argentina currently residing in Brazil.

5. Defendant Boston Scientific Corporation ("BSC") is a Delaware corporation that maintains its principal place of business in Natick, Massachusetts. BSC is a publicly traded corporation on the New York Stock Exchange with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934.

### Background

6. On July 2, 2003, Mr. Carnero filed with the U.S. Secretary of Labor a complaint under the Act against BSC (the "Administrative Complaint"). A copy of the Administrative Complaint, the allegations of which are hereby incorporated, is annexed hereto as Attachment A.

7. As of the commencement of this civil action in this Court, the Secretary of Labor has not issued a final decision on Mr. Carnero's claim against BSC within 180 days of the filing of the Administrative Complaint and there is no showing that such delay is due to the bad faith of Mr. Carnero.

### Claim for Relief

8. The Act authorizes Mr. Carnero to seek de novo review of his Administrative Complaint in this Court.

WHEREFORE, Mr. Carnero demands judgment for the relief sought in his

Administrative Complaint as follows:

1. Reinstatement in a job with BSC with the same seniority status that Mr. Carnero would have had but for BSC's improper conduct;

2. Back pay, with interest;

3. Damages for loss of reputation, lost future wages, emotional distress and other economic injuries caused by BSC's conduct;

4. Costs of this litigation, including but not limited to reasonable attorneys fees;

5. Such other relief that this Court deems appropriate or just.

**JURY CLAIM: the Plaintiff demands a trial by jury on all counts.**

Dated:   Boston, Massachusetts
         January 7, 2004

                                    LUSHAN, McCARTHY & GOONAN
                                    Counsel for plaintiff Ruben Carnero

                                    By: /s/ Michael Lushan
                                        Michael Lushan
                                        496 Harvard Street
                                        Brookline, Massachusetts 02446
                                        (617) 739-0700
                                        (617) 734-5375 (fax)

Of Counsel:

BOLATTI & GRIFFITH
32 Old Slip, Fifth Floor
New York, New York 10005
(212) 363-3780
(212) 363-3790 (fax)