UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10031-RWZ

RUBEN CARNERO

v.

BOSTON SCIENTIFIC CORP.

MEMORANDUM OF DECISION

August 27, 2004

ZOBEL, D.J.,

    Plaintiff Ruben Carnero is an Argentinean citizen who worked for the Argentinean and Brazilian subsidiaries of defendant Boston Scientific Corporation, until he was terminated in 2002 allegedly after he reported accounting irregularities. Consequently, plaintiff initiated three actions: (1) a conciliation proceeding in Argentina seeking statutory severance; (2) an eight count Complaint against defendant, which this Court dismissed for lack of jurisdiction; and (3) an administrative complaint against defendant with the Department of Labor. The administrative complaint alleges retaliatory termination and other discrimination by defendant's Argentinean and Brazilian subsidiaries in violation of 18 U.S.C. § 1514A, which was enacted as part of the Corporate and Criminal Fraud Accountability Act of 2002, and incorporated as Title VIII of the Sarbanes-Oxley Act of 2002. On December 19, 2003, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration ("OSHA"), preliminarily determined that OSHA has no

jurisdiction to consider the merits of plaintiff's claim because nothing in the language of Section 1514A indicates any intention by Congress to cover employees working outside of the United States.  (Pl.'s Decl. in Opp'n to Mot. to Dismiss, Tab 30).  On January 7, 2004, plaintiff filed a Complaint in this Court seeking a de novo review of his administrative complaint and relief in the form of: reinstatement to his job, back pay, damages for loss of reputation, lost future wages, emotional distress and other economic injury.[1]  Thereafter, on January 22, 2004, the Secretary issued a final decision dismissing the administrative complaint because of the pendency of the complaint in this Court.  (Pl.'s Decl. in Opp'n to Mot. to Dismiss, Tab 31).  Defendant Boston Scientific Corporation now moves to dismiss, or in the alternative, for summary judgment or stay.

     Defendant asserts that Section 1514A does not apply to plaintiff, a foreign national who worked exclusively overseas.  It is well established that Congressional legislation is meant to apply within the United States, absent any evidence of contrary intent.  Smith v. United States, 507 U.S. 197, 204 (1993).  This principle is based on a number of reasons, including "the commonsense notion that Congress generally legislates with domestic concerns in mind."  Id. at n. 5.  Thus, the language of the law is examined to determine whether there is "any indication of a congressional purpose to extend its coverage beyond places over which the United States has sovereignty or some measure of legislative control."  Foley Bros. v. Filardo, 336 U.S. 281, 285 (1949).

---

[1] Because the Secretary of Labor did not issue a final decision within 180 days of the filing of the administrative complaint, plaintiff filed suit in this Court pursuant to 18 U.S.C. § 1514A(b)(1)(B).

The scheme of the law is also considered as well as whether any distinction is drawn between alien employees and those who are citizens of the United States. Id. at 286. See, e.g., 29 U.S.C. § 623(f)(1)(stating that it is not unlawful for an employer to take action which is prohibited under the Age Discrimination in Employment Act of 1967, where the employee is in a foreign country and compliance with the statute would violate foreign law.). The absence of such distinction suggests that the law is to be applied only within the United States. Foley Bros., 336 U.S. at 286. Finally, the legislative history and the administrative interpretations of the law as it was developed may be taken into account. Id. at 287-288.

Title 18 U.S.C. § 1514A(a) provides that no company subject to the Securities Exchange Act of 1934 may retaliate against an "employee" who lawfully cooperates with an investigation concerning violations of the Act or fraud on the shareholders. Section 1514A(b), the enforcement provision, allows any "person" who alleges discharge or discrimination in violation of Section 1514A(a) to seek relief.

Nothing in Section 1514A(a) remotely suggests that Congress intended it to apply outside of the United States. No distinction is drawn between overseas employees and domestic employees. In fact, application of Section 1514A overseas may conflict with foreign laws, which is especially likely in this case where plaintiff seeks to be reinstated to his job. Notably, he has already invoked Argentinean law in support of his cause. He misunderstands the canon of construction when he asserts that neither the language nor the legislative history restricts the application of Section 1514A to domestic employees.

The protection of workers is a particularly local matter, and nothing in the legislative history supports plaintiff's assertion that the language of Section 1514A protecting an "employee" was meant to include all employees wherever they may work.

Finally, the parties do not point to any administrative interpretations of the law during its development phase. In any case, the preliminary determination by the Department of Labor coincides with this Court's reasoning.

Accordingly, defendant's motion to dismiss is allowed.

Judgment may be entered for the defendant.

|  |  |
|---|---|
| DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |