UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
RUBEN CARNERO,                                :
                                              :
                  Plaintiff,                  :    Civil Action: 04-10031 (RWZ)
                                              :
        -against -                            :
                                              :    **NOTICE OF APPEAL**
BOSTON SCIENTIFIC CORPORATION,                :
                                              :
                  Defendant.                  :
------------------------------------------------------------x

      PLEASE TAKE NOTICE that plaintiff Ruben Carnero hereby appeals to the United States Court of Appeals for the First Circuit from (i) the final Judgment dismissing the complaint in this lawsuit entered by the United States District Court for the District of Massachusetts (the "District Court") on August 30, 2004, a copy of which is annexed hereto as Attachment 1 (the "Judgment"); (ii) Memorandum of Decision entered by the District Court on August 27, 2004 granting defendant's motion to dismiss and directing the clerk to enter the Judgment, a copy of which is annexed hereto as Attachment 2; (iii) all earlier interlocutory orders and judgments entered by the District Court, a copy of the PACER docket report for the case is annexed hereto as Attachment 3.

      This appeal is taken from each and every part of the judgment, decisions and those orders.

Dated:       September 20, 2004

                                     LUSHAN, McCARTHY & GOONAN
                                     Counsel to plaintiff Ruben Carnero

                                     By: _____
                                          Michael Lushan, Esq.
                                     496 Harvard Street
                                     Brookline, Massachusetts 02446
                                     (617) 739-0700

Of counsel:

BOLATTI & GRIFFITH
32 Old Slip, Fifth Floor
New York, New York 10005
(212) 363-3780
(212) 363-3790 (fax)

# Attachment 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUBEN CARNERO
            Plaintiff

V.                                              CIVIL ACTION

                                                NO. 04-10031-RWZ
BOSTON SCIENTIFIC CORP.
            Defendant

## JUDGMENT

ZOBEL, D. J.

In accordance with the Memorandum of Decision entered 8/27/04;

JUDGMENT is entered for DEFENDANT.

                                                By the Court,

8/30/04                                         s/ Lisa A. Urso
Date                                            Deputy Clerk

**Attachment 2**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10031-RWZ

RUBEN CARNERO

v.

BOSTON SCIENTIFIC CORP.

MEMORANDUM OF DECISION

August 27, 2004

ZOBEL, D.J.,

Plaintiff Ruben Carnero is an Argentinean citizen who worked for the Argentinean and Brazilian subsidiaries of defendant Boston Scientific Corporation, until he was terminated in 2002 allegedly after he reported accounting irregularities. Consequently, plaintiff initiated three actions: (1) a conciliation proceeding in Argentina seeking statutory severance; (2) an eight count Complaint against defendant, which this Court dismissed for lack of jurisdiction; and (3) an administrative complaint against defendant with the Department of Labor. The administrative complaint alleges retaliatory termination and other discrimination by defendant's Argentinean and Brazilian subsidiaries in violation of 18 U.S.C. § 1514A, which was enacted as part of the Corporate and Criminal Fraud Accountability Act of 2002, and incorporated as Title VIII of the Sarbanes-Oxley Act of 2002. On December 19, 2003, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration ("OSHA"), preliminarily determined that OSHA has no

jurisdiction to consider the merits of plaintiff's claim because nothing in the language of Section 1514A indicates any intention by Congress to cover employees working outside of the United States. (Pl.'s Decl. in Opp'n to Mot. to Dismiss, Tab 30). On January 7, 2004, plaintiff filed a Complaint in this Court seeking a de novo review of his administrative complaint and relief in the form of: reinstatement to his job, back pay, damages for loss of reputation, lost future wages, emotional distress and other economic injury.[1] Thereafter, on January 22, 2004, the Secretary issued a final decision dismissing the administrative complaint because of the pendency of the complaint in this Court. (Pl.'s Decl. in Opp'n to Mot. to Dismiss, Tab 31). Defendant Boston Scientific Corporation now moves to dismiss, or in the alternative, for summary judgment or stay.

Defendant asserts that Section 1514A does not apply to plaintiff, a foreign national who worked exclusively overseas. It is well established that Congressional legislation is meant to apply within the United States, absent any evidence of contrary intent. Smith v. United States, 507 U.S. 197, 204 (1993). This principle is based on a number of reasons, including "the commonsense notion that Congress generally legislates with domestic concerns in mind." Id. at n. 5. Thus, the language of the law is examined to determine whether there is "any indication of a congressional purpose to extend its coverage beyond places over which the United States has sovereignty or some measure of legislative control." Foley Bros. v. Filardo, 336 U.S. 281, 285 (1949).

---

[1] Because the Secretary of Labor did not issue a final decision within 180 days of the filing of the administrative complaint, plaintiff filed suit in this Court pursuant to 18 U.S.C. § 1514A(b)(1)(B).

2

The scheme of the law is also considered as well as whether any distinction is drawn between alien employees and those who are citizens of the United States. Id. at 286. See, e.g., 29 U.S.C. § 623(f)(1)(stating that it is not unlawful for an employer to take action which is prohibited under the Age Discrimination in Employment Act of 1967, where the employee is in a foreign country and compliance with the statute would violate foreign law.). The absence of such distinction suggests that the law is to be applied only within the United States. Foley Bros., 336 U.S. at 286. Finally, the legislative history and the administrative interpretations of the law as it was developed may be taken into account. Id. at 287-288.

Title 18 U.S.C. § 1514A(a) provides that no company subject to the Securities Exchange Act of 1934 may retaliate against an "employee" who lawfully cooperates with an investigation concerning violations of the Act or fraud on the shareholders. Section 1514A(b), the enforcement provision, allows any "person" who alleges discharge or discrimination in violation of Section 1514A(a) to seek relief.

Nothing in Section 1514A(a) remotely suggests that Congress intended it to apply outside of the United States. No distinction is drawn between overseas employees and domestic employees. In fact, application of Section 1514A overseas may conflict with foreign laws, which is especially likely in this case where plaintiff seeks to be reinstated to his job. Notably, he has already invoked Argentinean law in support of his cause. He misunderstands the canon of construction when he asserts that neither the language nor the legislative history restricts the application of Section 1514A to domestic employees.

3

The protection of workers is a particularly local matter, and nothing in the legislative history supports plaintiff's assertion that the language of Section 1514A protecting an "employee" was meant to include all employees wherever they may work.

Finally, the parties do not point to any administrative interpretations of the law during its development phase. In any case, the preliminary determination by the Department of Labor coincides with this Court's reasoning.

Accordingly, defendant's motion to dismiss is allowed.

Judgment may be entered for the defendant.

_____            /s/ Rya W. Zobel_____
         DATE                                          RYA W. ZOBEL
                                                       UNITED STATES DISTRICT JUDGE

4

# Attachment 3

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-10031-RWZ

Carnero v. Boston Scientific Corporation
Assigned to: Judge Rya W. Zobel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: JS 44 Sec. IV - no matching citation currently in database

Date Filed: 01/08/04
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**Ruben Carnero**   represented by   **Michael Lushan**
Lushan, McCarthy & Goonan
496 Harvard Street
Brookline, MA 02446
617-739-0700
Fax : 617-734-5375
Email: lushan@lushlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Boston Scientific Corporation**   represented by   **James W. Nagle**
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109
617-570-1233
Fax : 617-227-8591
Email: jnagle@goodwinprocter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leslie S. Blickenstaff**
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109
617-570-1944
Email: lblickenstaff@goodwinprocter.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/07/2004 | 1 | COMPLAINT against Boston Scientific Corporation Filing fee: $ 150, receipt number 52966, filed by Ruben Carnero.(Johnson, Jay) (Entered: 01/08/2004) |
| 01/07/2004 | | Summons Issued as to Boston Scientific Corporation. (Johnson, Jay) (Entered: 01/08/2004) |
| 01/07/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings. (Johnson, Jay) (Entered: 01/08/2004) |
| 01/27/2004 | 2 | MOTION to Dismiss or in the alternative, motion for summary judgment or stay and local rule 56.1 statement of undisputed material facts in support of its motion and request for oral argument by Boston Scientific Corporation.(Johnson, Jay) (Entered: 01/28/2004) |
| 01/27/2004 | 3 | MEMORANDUM in Support re 2 MOTION to Dismiss filed by Boston Scientific Corporation. (Johnson, Jay) (Entered: 01/28/2004) |
| 01/27/2004 | 4 | CERTIFICATE OF CONSULTATION re 2 MOTION to Dismiss by Leslie S. Blickenstaff, James W. Nagle on behalf of Boston Scientific Corporation. (Johnson, Jay) (Entered: 01/28/2004) |
| 02/18/2004 | 5 | (Assented to) MOTION for Extension of Time to 2/24/04 to oppose defendants motion to dismiss or in the alternative for summary judgment or stay by Ruben Carnero.(Johnson, Jay) (Entered: 02/19/2004) |
| 02/23/2004 | | Judge Rya W. Zobel : Electronic ORDER entered granting 5 Motion for Extension of Time to 2/24/04 to file opposition to dismiss/summary judgment (Urso, Lisa) (Entered: 02/23/2004) |
| 02/25/2004 | 6 | (Assented to) MOTION for Extension of Time to 3/10/04 to oppose motion for summary judgment or stay by Ruben Carnero.(Johnson, Jay) (Entered: 03/03/2004) |
| 03/09/2004 | | Judge Rya W. Zobel : Electronic ORDER entered granting 6 Motion for Extension of Time. No more extensions. (Urso, Lisa) (Entered: 03/09/2004) |
| 03/10/2004 | 7 | Unopposed MOTION for Extension of Time to 3/17/04 to file |

| | | |
|---|---|---|
| | | opposition to defendants motion to dismiss or in the alternative motion for summary judgment or stay by Ruben Carnero.(Johnson, Jay) (Entered: 03/11/2004) |
| 03/17/2004 | | Judge Rya W. Zobel : Electronic ORDER entered granting 7 Motion for Extension of Time to 3/17/04 to file opposition. No more extensions. (Urso, Lisa) (Entered: 03/17/2004) |
| 03/17/2004 | 8 | First MEMORANDUM in Opposition re 2 MOTION to Dismiss filed by Ruben Carnero. (Lushan, Michael) (Entered: 03/17/2004) |
| 03/17/2004 | 9 | Third MOTION for Extension of Time to March 18, 2004 to File declaration by Ruben Carnero.(Lushan, Michael) (Entered: 03/17/2004) |
| 03/18/2004 | 10 | CORRECTED MEMORANDUM in Opposition re 2 MOTION to Dismiss filed by Ruben Carnero. (Johnson, Jay) (Entered: 03/18/2004) |
| 03/18/2004 | 11 | DECLARATIONS in Opposition to Motion to Dismiss by Ruben Carnero. (Johnson, Jay) (Entered: 03/18/2004) |
| 03/18/2004 | 12 | MOTION for Leave to File Corrected Opposition Memorandum by Ruben Carnero.(Johnson, Jay) (Entered: 03/18/2004) |
| 03/22/2004 | | Judge Rya W. Zobel : Electronic ORDER entered granting 9 Motion for Extension of Time for one day. (Urso, Lisa) (Entered: 03/22/2004) |
| 03/23/2004 | 13 | (Assented to) MOTION for Leave to File Reply by Boston Scientific Corporation.(Johnson, Jay) (Entered: 03/25/2004) |
| 04/12/2004 | 14 | REPLY to Response to Motion re 2 MOTION to Dismiss or, for summary judgment or to stay filed by Boston Scientific Corporation. (Johnson, Jay) (Entered: 04/13/2004) |
| 04/13/2004 | | Judge Rya W. Zobel : Electronic ORDER entered granting 12 Motion for Leave to File corrected opposition (Urso, Lisa) (Entered: 04/13/2004) |
| 05/13/2004 | | Judge Rya W. Zobel : ORDER entered ELECTRONIC ENDORSEMENT re 2 MOTION to Dismiss filed by Boston Scientific Corporation. The court will decide the motion on the papers. But if counsel wish the court to consider the affidavits and documents attached thereto, the latter have to be submitted in English. (Urso, Lisa) (Entered: 05/13/2004) |
| 08/27/2004 | 15 | Judge Rya W. Zobel : Memorandum of decision entered granting 2 |

|            |    | Motion to Dismiss (Urso, Lisa) (Entered: 08/30/2004) |
|------------|----|------------------------------------------------------|
| 08/30/2004 | 16 | Judge Rya W. Zobel : ORDER entered JUDGMENT in favor of defendant against plaintiff(Urso, Lisa) (Entered: 08/30/2004) |
| 08/30/2004 |    | Civil Case Terminated. (Urso, Lisa) (Entered: 08/30/2004) |

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 09/16/2004 12:46:48 |||||
| PACER Login: | bg0441 | Client Code: | Carnero ||
| Description: | Docket Report | Case Number: | 1:04-cv-10031-RWZ ||
| Billable Pages: | 2 | Cost: | 0.14 ||